Case 3:03-cv-00292-HDM-VPC   Document 62   Filed 04/08/16   Page 1 of 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY ROSS BLACK,

    Petitioner,

vs.

E.K. MCDANIEL, et. al.,

    Respondents.

Case No. 3:03-cv-00292-HDM-VPC
Case No. 3:05-cv-00316-HDM-VPC

**ORDER**

    Petitioner has submitted a letter that the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The court finds that petitioner is not entitled to relief, and the court denies the motion.

    On June 17, 2004, in Case No. 3:03-cv-00292-HDM-VPC, this court granted in part respondents' motion to dismiss, finding that petitioner had not exhausted some of his grounds for relief. Order (#33).[1] Petitioner moved for reconsideration. The court denied that motion. Petitioner dismissed the action to return to state court. Order (#38). After pursuing another state habeas corpus petition, without success, petitioner returned to this court, which opened a new action, Case No. 3:05-cv-00316-HDM-VPC. The court denied the petition and denied a certificate of appealability. Order (#46). The court entered judgment (#47) on June 24, 2008. Petitioner appealed. The court of appeals denied a certificate of appealability. Petitioner then petitioned the Supreme Court of the United States for a writ of certiorari. The petition was denied.

---

[1] Citations to the docket are for Case No. 3:03-cv-00292-HDM-VPC.

1  Petitioner first argues that the court erred in holding that petitioner's presentation of issues in
2  the reply brief in the appeal from the denial of his first state habeas corpus petition was insufficient
3  to exhaust those issues. This argument has multiple problems. First, petitioner is arguing a mistake
4  of the court under Rule 60(b)(1). Petitioner needed to present this argument to the court within a
5  year of entry of the judgment. Fed. R. Civ. P. 60(c). Petitioner is many years late. Second, the
6  court did not rule that presentation of the issues in the reply brief was insufficient to exhaust them.
7  Petitioner did not make that argument in his opposition to the motion to dismiss, and the court made
8  no mention at all of the reply brief. Third, petitioner's reply brief was insufficient to exhaust the
9  issues that the court found were unexhausted. Petitioner points to a memorandum disposition of the
10 court of appeals in <u>Kieren v. Legrand</u>, No. 11-17915, which noted that a claim can be exhausted
11 even if it is cited only in a reply brief.[2] Kieren challenged the jury instruction that defined the
12 elements of first-degree murder. The opening brief on direct appeal laid out all the facts of the
13 claim, but it did not necessarily make the claim a matter of federal constitutional law. The reply
14 brief on direct appeal did clarify that the claim was a matter of federal constitutional law. The
15 Nevada Supreme Court stated only that the claim that Kieren was denied a fair trial when the jury
16 was not instructed on the element of deliberation was without merit. This court held that the
17 clarification in the reply brief was sufficient to alert the Nevada Supreme Court to the federal nature
18 of the claim, and the Nevada Supreme Court did address the claim, if briefly. In other words, the
19 opening brief gave all the facts of the claim, and the reply brief merely clarified the legal nature of
20 the claim. On the other hand, petitioner argues that this statement in the concluding paragraph of
21 his reply brief on the state habeas corpus appeal was sufficient to exhaust all the unexhausted
22 claims:

> Appellant ANTHONY ROSS BLACK is entitled to have the instant Petition for Writ of Habeas Corpus (Post-Conviction) heard on its merits by this Honorable Court, because with the assistance of appointed counsel, Appellant has provided substance and detail to his originally submitted claims.

---

[2]The memorandum disposition that petitioner quotes affirmed this court's grant of relief. The court of appeals then withdrew that memorandum disposition and replaced it with an amended memorandum disposition that reversed this court's grant of relief. However, the exhaustion analysis of the court of appeals remained the same.

Ex. Z, at 10 (#23). That statement is not a clarification of an argument made in the opening brief. It is, at its most favorable to petitioner, an attempt to incorporate the entire state habeas corpus petition into the reply brief. Even if that was the intent of petitioner's post-conviction counsel, Rule 28(e)(2) of the Nevada Rules of Appellate Procedure does not permit incorporation by reference to documents filed in the district court. Furthermore, the Nevada Supreme Court ruled only upon the arguments presented in the opening brief on post-conviction appeal, and it made no statement that it considered all the grounds in the state habeas corpus petition.[3] See Ex. CC (#23). The sentence in the conclusion to the reply brief was insufficient to present all the issues in the state habeas corpus petition to the Nevada Supreme Court.

Second, petitioner argues that he tried to file proper-person documents with the Nevada Supreme Court that raised all the claims, but the Nevada Supreme Court rejected the documents because he was represented by counsel. Petitioner raised that argument in his first motion for reconsideration (#34), and the court considered and rejected that argument. Order (#38).

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the clerk of the court shall docket petitioner's letter (#59) as a motion for relief from the judgment.

IT IS FURTHER ORDERED that petitioner's motion for relief from the judgment is **DENIED**.

///
///
///
///

---

[3] The court of appeals in Kieren noted that the Nevada Supreme Court could have deemed the issue clarified in the reply brief waived under Rule 28(c) but did not. Petitioner argues that the Nevada Supreme Court also did not deem the sentence in his reply brief waived. However, what was important in Kieren was that the Nevada Supreme Court actually ruled upon the claim of error in the jury instruction. The only question was whether the Nevada Supreme Court was presented with the federal aspects of that claim, and both this court and the court of appeals held that the clarification in the reply brief did present that issue to the Nevada Supreme Court.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: April 8, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge